UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11037-RGS
CRIMINAL ACTION NO. 08-10078-RGS

THIEN HA

v.

UNITED STATES OF AMERICA

MEMORANDUM AND ORDER
ON APPLICATION FOR
CERTIFICATE OF APPEALABILITY

April 11, 2012

STEARNS, D.J.

On February 24, 2012, this court entered an Order and Judgment denying Petitioner Thien Ha's motion for writ of habeas corpus. On March 26, 2012, Ha filed a notice of appeal, and simultaneously requested that the district court issue a certificate of appealability. *See* 28 U.S.C. 2253(c). Ha seeks the certification of two generic issues (with various sub-parts) for appeal: (1) whether his plea "was involuntary, unintelligent and coerced by counsel's knowing failure to correct Ha's misunderstandings of his constitutional rights in violation of his right to due process as guaranteed by the Fifth Amendment to the United States Constitution"; and (2) whether at the plea hearing and sentencing Ha "was afforded ineffective assistance of counsel

in violation of his rights counsel as guaranteed by the Sixth Amendment to the United States Constitution." Pet'r's Notice of Appeal at 1.

A certificate of appealability issues only where a petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253 (c)(2). A petitioner makes such a showing when he demonstrates that his petition involves issues which are debatable among reasonable jurists, that another court could resolve the issue differently or that the issues are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Ha's arguments are basically an iteration of his original petition. One new argument raised in Ha's notice of appeal deserves mention. While the court recognizes that the Supreme Court has recently extended the right to effective assistance of counsel to the plea negotiation stage, in this case Ha insisted (as was his right) that his case be tried to a jury. Ha made the decision to plead guilty on the opening day of trial without a negotiated agreement with the government. Hence the relevance of the cases cited by Ha - the Supreme Court's companion decisions in *Missouri v. Frye*, – S. Ct. –, 2012 WL 932020, and *Lafler v. Cooper*, – S. Ct. – , 2012 WL 932019, is questionable. As Justice Kennedy observed in *Lafler*: "If no plea offer is made . . . the issue raised here simply does not arise." *Id.*, at *8. Moreover, even if an offer had been made and not communicated to Ha by counsel, or was rejected by Ha on

2

counsel's bad advice, it would still be incumbent on Ha to show that the offer would have resulted in a more favorable sentence than the one ultimately imposed by the court. That is something that Ha has not even attempted to do.

Finally, there is a practical problem raised by Ha's argument that where (as here) a court conducts an appropriate and error-free plea colloquy, it is nonetheless further obligated to ensure that a petitioner's counsel adequately represented him in plea negotiations with the government (assuming that authorized negotiations in fact took place) and then gave him competent advice about the content of any such negotiations. An expansion of the plea colloquy on these subjects is not authorized by Rule 11 (or the attorney-client privilege), nor could one effectively be held without taking evidence at the plea hearing directly from counsel and the government prosecutor. These issues and their practical solution, should a solution someday be required by the Supreme Court,[1] are certainly debatable among jurists, but they do not implicate an existing right of constitutional magnitude.[2]

## ORDER

---

[1] In *Frye*, Justice Kennedy suggested that prosecutors "may adopt measures to ensure against late, frivolous, or fabricated claims" – such as disclosing unaccepted plea offers at the colloquy – but the Court did not require them. *Id.*, 2012 WL 932020, at *8.

[2] Ha's claims with respect to his sentencing hearing are simply recycled from the original petition and were fully addressed in the court's February 24, 2012 decision.

3

For the foregoing reasons, the request for a certificate of appealability is DENIED.

    SO ORDERED.

    /s/ Richard G. Stearns

    _____
    UNITED STATES DISTRICT JUDGE